J-A14037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MEGHAN A. ANDREWS, | : | |
| | : | |
| Appellant | : | No. 1391 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 18, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0015021-2017

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　　　**FILED AUGUST 23, 2019**

Meghan A. Andrews ("Andrews") appeals from the judgment of sentence imposed following her conviction of driving under the influence ("DUI") – combined influence of alcohol and drugs, her second offense.  ***See*** 75 Pa.C.S.A. § 3802(d)(3).  We reverse Andrews's conviction and vacate the judgment of sentence.

On October 15, 2017, at approximately 1:15 p.m., Bridgeville Borough Police Officer Matthew Haley ("Officer Haley") was called to an address on Ramsey Avenue in Bridgeville, Allegheny County, Pennsylvania, based on a report of erratic driving.[1]  While Officer Haley was conducting an interview, he

---

[1] Officer Haley's testimony concerning the nature of the report was excluded as hearsay at trial.  ***See*** N.T., 9/18/18, at 6-7.  In its Opinion, the trial court stated that it considered Officer Haley's hearsay statement *only* to explain his presence at the scene.  ***See*** Trial Court Opinion, 1/22/19, at 1 n.1 (unnumbered).

witnessed Andrews driving down Ramsey Avenue. Andrews stopped her vehicle near Officer Haley, indicating that she wanted to speak to him. Officer Haley asked Andrews to move her car to the side of the road, and she complied.

While they spoke, Officer Haley observed that Andrews was the only person in the vehicle. Officer Haley then noticed a strong odor of alcohol emanating from Andrews and her vehicle, and asked Andrews to step out of the vehicle. Andrews admitted to having one beer at approximately 9:30 a.m.

Officer Haley asked Andrews to submit to field sobriety tests. According to Officer Haley, Andrews's performance on the tests showed signs of impairment. However, Andrews passed two of the three field sobriety tests she performed. Upon Officer Haley's request, Andrews agreed to submit to a blood test.

Andrews was transported to St. Clair Hospital for a blood test. Officer Haley read Andrews the implied consent warnings, as contained in the revised Pennsylvania State Police DL-26B form.[2] Andrews consented to the blood test and signed the DL-26B form.

_____

[2] The DL-26B form that Officer Haley read to Andrews was the updated version, which had been revised in response to the decision of the United States Supreme Court in **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016). In **Birchfield**, the Supreme Court concluded that blood tests taken pursuant to implied consent laws are an unconstitutional invasion of privacy. **Id.** at 2186. The Supreme Court stated that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." **Id.**

- 2 -

Andrews's blood was drawn at the hospital and submitted to the Allegheny County Crime Lab for testing. The blood test indicated that Andrews's blood alcohol content ("BAC") was 0.076%. The toxicology report also indicated the presence of Diazepam and Nordiazepam, a metabolite of Diazepam.

On September 18, 2018, following a bench trial, Andrews was convicted of DUI – combined influence. The trial court sentenced Andrews to 90 days of restrictive intermediate punishment, followed by 2 years of probation; ordered her to attend safe driving school, and complete a drug and alcohol evaluation and screening; assessed a $1,500 fine; and directed Andrews to surrender her driver's license. Andrews filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Andrews now raises the following issues for our review:

1. Whether the evidence and testimony introduced by the Commonwealth at the time of trial was sufficient to prove beyond a reasonable doubt that [] Andrews violated 75 Pa.C.S.A. § 3802(d)(3)?

2. Whether expert testimony is required to prove that the amount of controlled substance[,] in combination with alcohol found in [] Andrews['s] blood[,] was sufficient to prove impairment under 75 Pa.C.S.A. § 3802(d)(3)?

Brief for Appellant at 5.

In her first claim, Andrews challenges the sufficiency of the evidence supporting her conviction of DUI – combined influence. *Id.* at 9. Andrews

claims that her conviction was based primarily on Officer Haley's lay opinion that Andrews was incapable of safely operating a motor vehicle. *Id.* at 10; *see also id.* at 13. Andrews points out that Officer Haley did not observe her speeding or swerving. *Id.* at 10, 12. Additionally, Andrews argues that Officer Haley did not testify that she displayed any "tell-tale signs of intoxication/impairment" during the encounter. *Id.* at 11 n.4. Andrews also claims that she passed two out of three field sobriety tests. *Id.* at 11.

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our prior judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted).

Andrews was convicted of DUI (combined influence) under 75 Pa.C.S.A. § 3802(d)(3), which provides as follows:

**§ 3802. Driving under influence of alcohol or controlled substance**

\* \* \*

**(d) Controlled substances.**--An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

\* \* \*

(3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(3). Under subsection 3802(d)(3), a drug need not be chemically detectable in a defendant's body. *See Commonwealth v. Griffith*, 32 A.3d 1231, 1237 (Pa. 2011). Instead, subsection 3802(d)(3) merely requires that a defendant's ability to drive safely be impaired as a result of the influence of the drug, in combination with the influence of alcohol. *See id.* Further, the introduction of expert testimony is not mandatory to establish that a defendant's inability to drive safely was caused by the combined influence of alcohol and a drug or combination of drugs. *See id.* at 1238 (holding that there is no requirement for expert testimony to establish causation under subsection 3802(d)(2)); *see also Commonwealth v. Graham*, 81 A.3d 137, 145-46 (Pa. Super. 2013) (extending the Supreme

Court's ruling in **Griffith** to combined influence convictions under subsection 3802(d)(3)).[3]

During the bench trial, Officer Haley testified that he had been a police officer for almost 23 years. **See** N.T., 9/18/18, at 5. According to Officer Haley, he is tasked, in part, with making DUI arrests, and has made "[d]ozens, maybe a hundred[]" such arrests during his career. **Id.** at 5, 6. Officer Haley testified that he received DUI enforcement training at the Allegheny County Police Academy and various other classes throughout his career. **See id.** at 5-6. **But see id.** at 6 (wherein Officer Haley stated that his most recent DUI class was "years ago.").

Officer Haley testified that on October 15, 2017, he was called to an address on Ramsey Avenue in Bridgeville. **See id.** at 6. While Officer Haley was speaking with the residents of that address, he witnessed Andrews, who was known to him at that time, driving down Ramsey Avenue. **See id.** at 7-8. Officer Haley testified that Andrews was not swerving or speeding. **See id.** at 13; **see also id.** at 14 (wherein Officer Haley admitted that he did not

---

[3] Andrews questions the necessity of expert testimony in her second claim. In light of our disposition of Andrews's first claim, we need not separately address her second argument. However, we briefly point out that while the **Griffith** and **Graham** Courts held that expert testimony is not *mandatory* under subsections 3802(d)(2) and (d)(3), our Supreme Court in **Griffith** acknowledged that expert testimony may be necessary or helpful, and stated that the need for such testimony should be evaluated on a case-by-case basis. **Griffith**, 32 A.3d at 1239; **see also Commonwealth v. Gause**, 164 A.3d 532, 538-39 (Pa. Super. 2017) (concluding that under the facts and circumstances, expert testimony was necessary to establish marijuana impairment, where there was no independent evidence that the defendant had recently ingested marijuana).

observe Andrews commit any moving violations). Officer Haley stated that Andrews was driving in the middle of the road, but that doing so was necessary because cars were parked on both sides of the narrow street. *See id.*

Andrews stopped her vehicle on the street near Officer Haley, and indicated that she wanted to speak to him. *See id.* at 8. Officer Haley asked Andrews to move her vehicle to the side of the road, and Andrews complied. *See id.* at 9. Officer Haley testified that Andrews was the only person in the vehicle, and that he noticed a strong odor of alcohol emanating from Andrews and her vehicle. *See id.* Officer Haley asked Andrews to step out of her vehicle, at which time he asked her whether she had anything to drink that morning. *See id.* at 9-10. According to Officer Haley, Andrews first denied having anything to drink, but admitted to drinking a beer at 9:30 that morning, after Officer Haley informed her that he could smell alcohol. *See id.* at 10.

Following this exchange, Officer Haley conducted three field sobriety tests. *See id.*; *see also id.* (wherein Officer Haley testified that he noticed signs of impairment while Andrews performed the tests). Officer Haley testified that Andrews began the finger-to-nose test before he had finished giving her the instructions, even though he had specifically asked her to wait until he had completed the instructions. *See id.* at 10-11. Additionally, Officer Haley stated that Andrews was unable to touch her nose during each of her four attempts. *See id.* at 11. Regarding the walk-and-turn test, Officer Haley testified that Andrews was able to walk heel to toe, but indicated that

Andrews was unsteady, and raised her arms several times while she walked. *See id.* at 11, 15; *see also id.* at 15 (wherein Officer Haley explained that his report did not state that Andrews had failed this test). Officer Haley also testified that she had completed the finger dexterity test satisfactorily. *See id.* at 15. Officer Haley opined, based on his training and experience, that Andrews was incapable of safely operating a motor vehicle. *See id.* at 12.

The record reflects that, after administering the three field sobriety tests, Officer Haley asked Andrews to submit to a blood test, and she agreed. *See id.* at 11. Officer Haley testified that Andrews was transported to St. Clair Hospital, and the blood was submitted to Allegheny County Crime Lab for testing. *See id.* The chemical testing revealed that Andrews's BAC was 0.076%, and the toxicology report indicated positive findings of Diazepam, at a concentration of 23 nanongrams per milliliter, and Nordiazepam, at a concentration of 78 nanograms per milliliter.[4] *See id.* at 12 (wherein the parties stipulated to the admission of the toxicology report, which was admitted into evidence as Commonwealth's Exhibit 1); *see also* Reproduced Record at 22 (Toxicology Report).[5] Additionally Officer Haley acknowledged that Andrews's BAC was below the legal limit. *See* N.T., 9/18/18, at 15.

---

[4] Based on Officer Haley's testimony, it does not appear that Andrews admitted to taking any controlled substances, with or without a prescription, during her conversation with Officer Haley, or that Officer Haley suspected Andrews of being under the influence of a controlled substance.

[5] The toxicology report is not contained the certified record.

Upon review, we agree with Andrews's assertion that the evidence was insufficient to support her conviction under subsection 3802(d)(3). There is no dispute that Andrews was under the influence of alcohol and drugs. However, because Andrews's BAC was below the legal limit, the Commonwealth was required to prove beyond a reasonable doubt that, while driving a motor vehicle, the *combined* influence of alcohol, Diazepam and Nordiazepam impaired Andrews's ability to drive safely. **See** 75 Pa.C.S.A. § 3802(d)(3). From its Opinion, it appears that the trial court's conclusion was based primarily on Officer Haley's lay opinion that Andrews was incapable of safely operating her vehicle. **See** Trial Court Opinion, 1/22/19, at 4 (unnumbered). However, Officer Haley's conclusion regarding Andrews's ability to drive safely was not supported by adequate testimony.

By Officer Haley's own admission, he did not observe Andrews violate any provisions of the Motor Vehicle Code, nor did he (or anyone else) witness Andrews speeding or swerving. In fact, Officer Haley did not indicate that there would have been a basis upon which to conduct a traffic stop on suspicion of DUI, had Andrews not approached him. Further, though Officer Haley testified that he had received DUI enforcement training, he did not explain the specific indicia of intoxication and impairment he had been trained to recognize. Officer Haley also testified that Andrews showed signs of impairment while performing the field sobriety tests—two of which Andrews passed—but only briefly stated which indicators Andrews had displayed. Based upon the foregoing, we conclude that the evidence presented at trial

does not satisfy the causation requirement of subsection 3802(d)(3). *Cf.*

***Graham***, 81 A.3d at 146-47 (concluding that there was sufficient evidence to

sustain the defendant's conviction under subsection 3802(d)(3), where the

defendant drove her vehicle slowly and recklessly, had glassy and bloodshot

eyes, exhibited slurred speech, required assistance to exit her vehicle and

stand, and failed all of her field sobriety tests); *see generally*

***Commonwealth v. Tarrach***, 42 A.3d 342, 346 (Pa. Super. 2012) (concluding

that there was sufficient evidence to sustain defendant's subsection

3802(d)(2) (controlled substance) conviction, where the defendant admitted

to taking prescription drugs and stated that her medication made her groggy;

the responding officer indicated that defendant was dazed and confused, and

had an unsteady gait; defendant failed three field sobriety tests; and a

forensic toxicologist testified that each of the drugs the defendant had taken

could cause drowsiness, the effects of which could be amplified by the

combination). Therefore, we reverse Andrews's conviction under 75 Pa.C.S.A.

§ 3802(d)(3), and vacate the judgment of sentence.

Conviction reversed. Judgment of sentence vacated.

Judge Kunselman joins the memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/23/2019</u>